UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| RANDY BROCKWELL, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos.: 2:09-CR-031-RLJ-22; |
| | ) | 2:15-CV-087-RLJ |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Following his guilty plea, Randy Brockwell ("Petitioner") was convicted of one count of conspiracy to distribute and possession with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) [Docs. 813, 937, 1141].[1] On November 9, 2010, an order of judgment imposing a sentence of 120 months' imprisonment, followed by five years of supervised release, was entered [Doc. 813]. On November 13, 2012, in accordance with the provisions of the Fair Sentencing Act, Pub. L. 11-220, 124 Stat. 2372 (2010), the Court amended the judgment, lowering Petitioner's original prison term of 120 months to 63 months but leaving the five-year supervised release term unchanged [Doc. 1141].

On February 20, 2015, Petitioner filed a pro se motion "to reduce probation," which the Court construed as a request to modify November 13, 2012, amended judgment to impose a shorter term of supervised release [Docs. 1271, 1279]. On March 23, 2015, the Court denied Petitioner's motion to reduce probation as untimely [Doc. 1279].

Petitioner returned to the Court some three weeks later with a pro se motion to vacate, set aside or correct sentence, mounting the same attack on the length of his term of supervised release

---

[1] All citations to the record refer to Petitioner's underlying criminal case, 2:09-CR-031.

that he had pursued in his motion to reduce probation [Doc. 1287]. However, because the statute of limitations for Petitioner to file a § 2255 motion challenging his amended judgment of conviction expired on November 27, 2013, and because he did not file his § 2255 motion challenging that judgment until April 6, 2015, the Court ordered Petitioner to show cause, as to why his motion to vacate should not be dismissed as untimely. Petitioner filed a response to the show cause order [Doc. 1296].

After Petitioner submitted the response, an agreed order of revocation of the judgment was entered [Doc. 1359]. In the agreed order, Petitioner admitted that he had violated numerous conditions of his supervised release [*Id.*]. The Court revoked the term of supervised release imposed in Petitioner's amended judgment and sentenced him to serve a prison sentence of 12 months and 1 day and three years of supervised release [*Id.*]. Petitioner completed his revocation sentence and was released from confinement on March 16, 2017. *See* Federal Bureau of Prisons Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (last visited October 25, 2017).

In Petitioner's response to the show cause order, he seeks to avoid the time-bar by asserting that he was unaware that his supervised release term should have been shorter until he filed the instant § 2255 motion [Doc. 1296]. Petitioner attributes his lack of awareness to his reliance on his lawyer's assurance that "he had everything taken care of" and that Petitioner's "probation would have been reduced as well" [*Id.*]. The Court views Petitioner's response as possibly asserting that the statute of limitations governing the filing of his § 2255 motion began to run only when he became aware that his term of supervised release was too lengthy.

A new statute of limitation for filing a § 2255 motion can be triggered within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). However, the circumstances

presented by Petitioner do not demonstrate that he exercised due diligence in discovering that his supervised release term in the amended judgment should be shortened.

To determine whether Petitioner exercised due diligence in discerning that a decrease in his supervised release term would be appropriate, the Court first must ascertain the date that a reasonable person in Petitioner's circumstances, exercising due diligence, would have discovered that a shorter term of supervised release was warranted. *See McDonald v. Warden, Lebanon Corr. Inst.,* 482 F. App'x. 22, 29 (6th Cir. 2012) (§ 2254 petition).[2] The date that Petitioner actually discovered that his term of supervised release was too lengthy is irrelevant to the inquiry. *Schlueter v. Varner*, 384 F.3d 69, 74 (3d. Cir. 2004) ("By its language, the one-year period of limitation commences under section 2244(d)(1)(D) when the factual predicate of a claim could have been discovered through the exercise of due diligence, not when it actually was discovered.").

A "petitioner has the burden of persuading the court that he has exercised due diligence in his search for the factual predicate of his claim." *Stokes v. Leonard*, 36 F. App'x 801, 804 (6th Cir. 2002) (citing *Lott v. Coyle*, 261 F.3d 594, 605-06 (6th Cir. 2001)). The Court is not convinced that Petitioner was duly diligent in obtaining the facts to support that the imposition of a lesser term of supervised release would have been proper. Petitioner had only to read his amended judgment issued on November 13, 2012, to discover the factual predicate for his claim. To illustrate this point, the amended judgment reads, in relevant part: "SUPERVISED RELEASE Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years" [Doc. 1141 at 3]. A duly diligent petitioner undoubtedly would have known at that time that his sentence of imprisonment would be followed by a five-year term of supervised release.

---

[2] The Supreme Court has stated that the reasoning which applies to § 2254 petitions "seems equally applicable in the context of § 2255 motions." *Danforth v. Minnesota*, 552 U.S. 264, 281 n.16 (2008).

*See Villanueva v. Anglin*, 719 F.3d 769, 774 (7th Cir. 2013) ("Regardless of when [petitioners] assert they learned of the [supervised release] requirement, they could have learned of it on the day they were sentenced had they used due diligence.").

Because Petitioner has failed to show that a new statute of limitations was triggered under 28 U.S.C. § 2255(f)(4) and because he has not shown cause for his failure to comply with the limitation statute in 28 U.S.C. § 2255(f)(1), this motion to vacate is time-barred.

Not only is Petitioner's § 2255 motion untimely but, more important, it is now moot. Article III of the United States Constitution limits a federal district court's subject matter jurisdiction to "Cases" or "Controversies." U. S. CONST. Art. III, Sec. 2. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," *Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–478 (1990)), and may be raised by the Court sua sponte. *See O'Shea v. Littleton*, 414 U.S. 488, 506 (1974) (Douglas, J. dissenting) ("The fact that no party has raised th[e 'case or controversy'] issue in this closely contested case is no barrier, of course, to our consideration of it."); *see also Valinski v. Detroit Edison*, 197 F. App'x 403, 405 (6th Cir. 2006) (observing that "[t]he existence of subject matter jurisdiction may be raised at any time, by any party, or even sua sponte by the court itself") (quoting *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005)).

As noted, the term of supervised release set in Petitioner's amended judgment was revoked pursuant to an agreed order of revocation entered on July 26, 2016 [Doc. 1359]. As noted also, Petitioner completed service of his one-year and one-day revocation sentence and was released from confinement on March 16, 2017. Because Petitioner's revocation sentence has expired, "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Demis v.*

4

*Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (quoting *Spencer*, 523 U.S. at 7). A petitioner bears the burden of showing the existence of collateral consequences to meet the case-or-controversy requirement. .

The Sixth Circuit instructs that "it is not enough that a dispute was alive when [Petitioner's § 2255 motion] was filed in the district court" and that, to sustain jurisdiction, he must show that he continues "to have an actual injury that is capable of being redressed by a favorable judicial decision." *Demis*, 558 at 508 (quoting *Brock v. United States Dept. of Justice*, 256 F. App'x 748, 750 (6th Cir. 2007)). Here, Petitioner has not demonstrated, nor has he even alleged, that such collateral consequences exist. Because Petitioner has failed to show any remediable injury with respect to his expired term of supervised release, his motion to vacate is moot. *See Spencer*, 523 U.S. at 14 ("[M]ootness . . . simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so.").

Accordingly, because the Court has no subject matter jurisdiction over Petitioner's § 2255 motion challenging the since-revoked supervised release term imposed in his amended judgment, his motion to vacate will be dismissed by separate order for want of jurisdiction.

**A SEPARATE ORDER WILL ENTER.**

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge